CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RH*
DEC 16 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ULYSSES KELLY, # 176487,<br>Plaintiff, | Civil Action No. 7:05cv00748 |
| v. | **MEMORANDUM OPINION** |
| ROBINSON, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Ulysses Kelly, # 176487, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] In his complaint, plaintiff alleges the Virginia Department of Corrections is maintaining a policy which has unfairly limited Kelly's ability to earn good time credit. Kelly seeks declaratory and injunctive relief. After reviewing his complaint, I find that Kelly has failed to raise any claim of constitutional magnitude, and dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Kelly alleges that during histhe Virginia Department of Corrections has limited his ability to earn good time credits by maintaining a policy of assigning a good time earning level based on an inmate's prior behavioral infractions, work status, and completion of education programs. However, Kelly does not allege that he has been deprived of any good time earned, rather he merely claims that because of this unfair policy his good time earning capacity has been decreased. Additionally, Kelly acknowledges that while imprisoned he has been convicted of numerous disciplinary infractions, he has not maintained regular prison employment due to institutional

---

[1] Although Kelly styles his complaint as an "Article 78 Petition for Relief," because he is challenging the conditions of his confinement, this complaint is properly construed as a civil rights action brought under 42 U.S.C. § 1983.

transfers related to those disciplinary infractions, and has not yet completed the recommended education programs.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Kelly alleges that as a result of the Virginia Department of Corrections' unfair policy regarding the earning of good time credits, his ability to earn good time credit has been diminished. Although prisoners are afforded due process protections when loss of actual, earned good time credits are at issue, the Supreme Court has afforded no such rights when merely the opportunity to earn such credit is at issue. Wolff v. McDonnell, 418 U.S. 539 (1974). In this instance, Kelly only claims that his ability to earn good time credits has been adversely affected by his reduced good time earning ability. However, Kelly does not allege that he has actually been deprived of any earned good time credit, thus he fails to state a claim of constitutional magnitude. See id. Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[2]Moreover, the court notes that as Kelly admits that while imprisoned he has been convicted of multiple institutional infractions, has failed to maintain regular prison employment, and has failed to complete the recommended educational programs, a reduction in his good time earning capacity appears

2

## III.

Based on the foregoing, I find that Kelly has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 16th day of December, 2005.

Senior United States District Judge